UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

LISA M. CHAPMAN and )
MITCHELL DEWAYNE CHAPMAN )
)
       Plaintiffs, )
) No. 1:04-CV-237
v. )
) Judge Curtis L. Collier
AMSOUTH BANK )
)
       Defendant. )

## **MEMORANDUM**

Before this Court is a motion, filed by Defendant AmSouth Bank ("Defendant"), to bifurcate the trial and to exclude the introduction of evidence concerning Defendant's net worth and/or financial condition (Court File No. 35). Plaintiffs Lisa M. Chapman ("Plaintiff") and Mitchell Dewayne Chapman ("Mr. Chapman") did not file a response. For the following reasons, the Court will **GRANT IN PART** and **DENY IN PART** Defendant's motion. The Court will **GRANT** Defendant's motion to exclude the introduction of evidence concerning Defendant's net worth and/or financial condition and **DENY** Defendant's motion to bifurcate.

**I.    DISCUSSION**

This case arises out of Plaintiff's employment with Defendant AmSouth Bank ("Defendant"), during which she alleges she was subjected to a sexually harassing hostile work environment and retaliated against in violation of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§

4-21-101 to 4-21-1004.[1] In her complaint, Plaintiff requests an award of punitive damages (Court File No. 1, Complaint). In anticipation of Plaintiff putting forth evidence to support her claim for punitive damages, Defendant filed a motion to bifurcate[2] the trial and to exclude evidence of Defendant's financial condition and/or net worth.

Remedies for violations of the THRA are provided for in Tenn. Code Ann. §§ 4-21-306 to 4-21-311. Relevant to the current case is § 4-21-311 which provides:

> (a) Any person injured by any act in violation of the provisions of this chapter shall have a civil cause of action in chancery court or circuit court.
>
> (b) In such an action, the court may issue any permanent or temporary injunction, temporary restraining order, or any other order and may award to the plaintiff actual damages sustained by such plaintiff, together with the costs of the lawsuit, including a reasonable fee for the plaintiff's attorney of record, all of which shall be in addition to any other remedies contained in this chapter.
>
> (c) In cases involving discriminatory housing practices, the court may award punitive damages to the plaintiff, in addition to the other relief specified in this section and this chapter. In addition to the remedies set forth in this section, all remedies described in § 4-21-306, except the civil penalty described in § 4-21-306(a)(9), shall be available in any lawsuit filed pursuant to this section.
>
> . . .

Tenn. Code Ann. § 4-21-311. The Supreme Court of Tennessee has interpreted the above statutory language to mean "punitive damages are available under the THRA only for claims involving

---

[1] Plaintiff also asserted a claim for intentional infliction of emotional distress and Mr. Chapman asserted a claim for loss of consortium. Both of these claims were dismissed by the Court in an earlier memorandum and order (Court File Nos. 66, 67).

[2] Motions to bifurcate trails are common in cases where punitive damages are sought. See *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992). Although punitive damages generally are not available under the THRA, such damages are available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. In such cases it is the Court's practice to bifurcate the punitive damages issue from liability. See *Sackett v. ITC^Detlacom, Inc.*, 374 F.Supp. 2d 602, 604 (E.D.Tenn. 2005).

2

Case 1:04-cv-00237   Document 70   Filed 09/23/05   Page 2 of 3   PageID #: 78

discriminatory housing practices and malicious harassment." *Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 34 (Tenn. 1997). The current case does not involve discriminatory housing practices or malicious harassment. Accordingly, Plaintiff cannot recover punitive damages. Since Plaintiff cannot recover punitive damages, it is unnecessary to bifurcate the trial and evidence relating to Defendant's financial condition and/or net worth is immaterial.[3] Fed. R. Evid. 402.

## II. CONCLUSION

For the reasons stated above, the Court will **GRANT IN PART** and **DENY IN PART** Defendant's motion. The Court will **GRANT** Defendant's motion to excluded evidence of Defendant's financial condition and/or net worth and **DENY** Defendant's motion to bifurcate the trial.

An order shall enter.

                                           **/s/**
                                 **CURTIS L. COLLIER**
                       **UNITED STATES DISTRICT JUDGE**

---

[3] Defendant has adequately demonstrated why evidence of financial condition or net worth of Defendant would be irrelevant when punitive damages are not at issue. Plaintiff failed to respond to Defendant's arguments. Thus, the Court has not been given any reason to believe evidence of Defendant's financial condition or net worth is relevant in this case.