UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| LISA M. CHAPMAN and <br> MITCHELL DEWAYNE CHAPMAN <br><br> Plaintiffs, <br><br> v. <br><br> AMSOUTH BANK <br><br> Defendant. | No. 1:04-CV-237 <br><br> Judge Curtis L. Collier |

## **M E M O R A N D U M**

Plaintiffs Lisa M. Chapman ("Plaintiff") and Mitchell Dewayne Chapman ("Mr. Chapman") and Defendant AmSouth Bank ("Defendant") have filed several motions in limine dealing with various evidence they expect each other will attempt to introduce at trial (Court File Nos. 29, 30, 37, 38, 39, 40, 41, 42, 43). Responses were filed to eight of the nine motions in limine (Court File Nos. 48, 49, 51, 52, 53, 54, 55, 56).

After considering the above motions and responses, the Court will (1) **DENY** Plaintiff's Motion in Limine Regarding Watkins Account Information (Court File No. 29); (2) **DENY** Plaintiff's Motion in Limine Regarding Non-Credit Losses (Court File No. 30); (3) **GRANT** Defendant's Motion in Limine Concerning the SunTrust Bank Non-Credit Loss Policy (Court File No. 38); (4) **GRANT IN PART** and **DENY IN PART** Defendant's Motion in Limine Concerning Non-Credit Losses by Non-Platform Employees (Court File No. 39); (5) **GRANT IN PART** and **DENY IN PART** Defendant's Motion in Limine Concerning Prior Unrelated Conduct by Jeff Standridge (Court File No. 40); and (6) **RESERVE RULING** on Defendant's remaining motions

in limine (Court File Nos. 37, 41, 42, 43).

As just stated, the Court will not make a ruling at this time on some of Defendant's motions in limine. The Court believes without hearing the context in which these issues will be raised at trial, it is not possible to safely predict the evidence will not be admissible. However, as already noted, the Court will make a ruling on several motions in which it is apparent the grounds are so clear a ruling is possible at this time and will aid in limiting the issues to be presented to the jury at trial to those most relevant to Plaintiff's claims. The Court will address each motion in limine separately and in the order the motions were filed.

I.      **Watkins Account Information**

For the following reasons, the Court will **DENY** Plaintiff's motion to exclude evidence relating to Eric Watkins' ("Watkins") accounts (Court File No. 29).

A.      **Background and Argument**

Plaintiff alleges she was terminated in retaliation for reporting harassing conduct to Defendant. Defendant claims Plaintiff was discharged because she issued a check card to Watkins and improperly linked the check card to a custodial account which resulted in a loss greater than $1,000.00 in violation of Defendant's Non-Credit Loss Policy (*Id.* at 1-2). During discovery, Plaintiff discovered 7 check cards had been issued to Watkins. However, Plaintiff contends through discovery abuses of Defendant it is impossible to know whether Plaintiff linked the check card used to withdraw over $1,000.00 from the custodial account.

Defendant's employees have a unique employee identification number called a "T number." The "T number" is associated with each new check card an employee opens (*Id.* at 4-5). Therefore,

2

it is possible to know whether Plaintiff issued the check card used to withdraw over $1,000.00 by comparing her "T number" with the "T number" associated with the check card in question. Both parties agree Defendant has the needed information. However, at least at the time Plaintiff filed her motion in limine, the parties disagree whether this information has been given to Plaintiff. On August 26, 2002, the Court ordered Defendant to "provide to [Plaintiff] copies of any records, in electronic form or otherwise...which identify [Plaintiff] as the employee who issued the check card resulting in the non-credit loss at issue in this case" (Court File No. 27). The Court also required Defendant to turn over bank statements for the two custodial accounts at issue in this case (*Id.*) In addition, the Court required Defendant to provide the above records with "a key matching employees to their 'T' numbers" (*Id.*). Plaintiff contends Defendant has not complied with the Court's order (Court File No. 29, p. 6). Since Defendant allegedly failed to comply with the Court's order and Defendant's general failure to disclose information about Watkins' accounts, Plaintiff requests this Court to exclude any evidence related to Watkins' accounts.

### B. Discussion

As a starting point, it is clear evidence regarding Watkins' accounts with Defendant is relevant to Plaintiff's retaliation claim. Thus, to carry its burden, Plaintiff must point to some rule of law that makes the relevant evidence inadmissible. Unfortunately, in her motion, Plaintiff does not cite any rule of evidence or procedure to support her argument to exclude evidence regarding Watkins' accounts. However, since Plaintiff complains about Defendant not following a court order regarding discovery and Defendant's general failure to disclose, the Court believes Plaintiff is trying to use Fed. R. Civ. P. 37(b) & (c). Rule 37(b) allows the Court to exclude evidence when a party disobeys a court order. *See* Fed. R. Civ. P. 37(b)(2). Here, it appears after Plaintiff's motion in

3

limine was filed, Defendant complied with the Court's August 26th order (Court File No. 48, Exh. B).[1] Therefore, the Court finds no basis under Rule 37(b) to exclude evidence regarding Watkins' accounts.

>Rule 37(c)(1) provides:
>
>A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) requires the Court, unless non-disclosure was justified or harmless, to refuse to admit evidence a party failed to disclose. *Id.*; *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004). However, the rule prevents a party that failed to disclose from presenting the very evidence it failed to disclose. Here, Plaintiff is not trying to stop Defendant from introducing evidence it failed to disclose. Instead, Plaintiff is seeking to exclude evidence already disclosed because Defendant abused the discovery process. Rule 37(c) does not apply to this situation. Thus, since Plaintiff has not pointed to any rule that allows this Court to exclude evidence regarding Watkins' accounts, the Court will **DENY** Plaintiff's motion in limine regarding Watkins' accounts.

## II.     Non-Credit Losses

In a very similar fashion to the above motion, Plaintiff attempts to exclude evidence that Defendant has consistently applied its non-credit loss policy (Court File No. 30, p. 1). Plaintiff

---

[1] Plaintiff did not file a reply to Defendant's response contesting Plaintiff's assertion it had complied with the Court's order. Therefore, the Court has not been given any reason to believe Defendant has not complied with the Court's August 26th order.

4

believes Defendant abused the discovery process by not turning over information about non-credit losses of its other employees (*Id.* at 1-9). Defendant responds by arguing it has made a good-faith effort to respond and many documents Plaintiff thinks exist do not exist (Court File No. 49, pp. 1-4). Again, Plaintiff points to no authority in support of her argument and points to no evidence Defendant plans to admit that it did not produce. Therefore, for the same reasons stated *infra* § I, the Court will **DENY** Plaintiff's motion in limine regarding non-credit losses.

### III. Discovery Disputes

The Court **RESERVES RULING** on Defendant's motion to exclude evidence of the parties' discovery disputes (Court File No. 37).

### IV. SunTrust Bank Non-Credit Loss Policy

Plaintiff was allegedly terminated for violating Defendant's non-credit loss policy which provides an employee is subject to termination if he or she has a loss greater than $1,000.00. Defendant believes Plaintiff will attempt to present evidence regarding SunTrust Bank's non-credit loss policy which "has a higher threshold for discipline" than Defendant's non-credit loss policy (Court File No. 38, p. 1). Defendant argues such evidence is irrelevant because the employer in this case is Defendant, not SunTrust Bank. *See* Fed. R. Evid. 402. Further, Defendant argues even if the evidence is relevant, the probative value of the evidence is substantially outweighed by the danger of jury confusion, undue delay, and unfair prejudice to the Defendant. *See* Fed. R. Evid. 403.

Plaintiff did not file a response to this motion in limine.[2] Since Plaintiff has not come forward with any reason why evidence of SunTrust's non-credit policy is relevant to the current case, the Court concludes evidence of SunTrust's non-credit loss policy to be inadmissible. Accordingly, the Court will **GRANT** Defendant's motion to exclude evidence of SunTrust's non-credit loss policy.

V.      **Non-Credit Losses by Non-Platform Employees**

Defendant moves the Court to exclude evidence concerning non-credit losses of non-platform employees and/or employees not supervised by Latrice Sylvester ("Sylvester") (Court File No. 39, p. 4). As already discussed in a previous memorandum, the Court does not believe Plaintiff, a platform employee, was similarly situated to teller employees (Court File No. 66, p. 19-20). Therefore, any evidence of teller non-credit losses is irrelevant in determining whether Defendant's proffered reason for discharge was pretextual. *See* Fed. R. Evid. 402. To the extent Plaintiff could present relevant evidence of non-platform employees not being disciplined under the non-credit loss policy, such evidence's probative value would be substantially outweighed by the danger of confusing the issues or misleading the jury *See* Fed. R. Evid. 403.

As for Defendant's argument evidence of non-credit losses outside of Sylvester's supervision should be excluded, the Court disagrees.[3] The final decision to terminate Plaintiff under the non-

---

[2] Interestingly, Plaintiff filed a response to all of Defendant's motions in limine except this one.

[3] Defendant does not help its cause in arguing evidence of non-credit losses by employees outside of Sylvester's supervision should be excluded. Defendant's entire motion focuses on the difference between platform and non-platform employees and then in the last sentence of the motion, without any explanation, Defendant asks the Court to exclude evidence of non-credit losses by employees not supervised by Sylvester.

6

credit loss policy was made by Donald W. Griffin ("Griffin"), the Area Human Resource Manager, who was very aware of Plaintiff's complaints about Randy Moore ("Moore"), the alleged harasser (Court File No. 25, Exh. R, Deposition of Donald W. Griffin at 53, 104-106, 118-20). Thus, if Plaintiff could produce evidence of a financial service associate at another branch in Griffin's area who was not terminated after having a non-credit loss over $1,000.00, such evidence would be relevant and its probative value would not necessarily be substantially outweighed.

Therefore, the Court will **GRANT IN PART** and **DENY IN PART** Defendant's motion to exclude evidence of non-credit losses of non-platform employees and employees not supervised by Sylvester. The Court will **GRANT** Defendant's motion with respect to non-platform employees and **DENY** Defendant's motion with respect to employees not supervised by Sylvester.

**VI.     Jeff Standridge Conduct**

Defendant seeks to exclude "any evidence, information or argument concerning prior, unrelated conduct by Jeff Standridge" ("Standridge") (Court File No. 40, p. 1). The Court will **GRANT IN PART** and **DENY IN PART** Defendant's motion.

At the time of the alleged harassment, Standridge was Moore's immediate supervisor and friend (Court File No. 40, Exh. A, Court File No. 53, Exh. A, Deposition of Cindy Black Vincent at 52-53, 57). Known to Plaintiff at the time in question, Standridge previously had a relationship with a subordinate employee and that employee became pregnant (*Id.* at 56-57, 90). Standridge was given a final warning because of his relationship with the subordinate employee (Court File No. 40, Exh. B, Deposition of Donald W. Griffin at 175).

Plaintiff does not allege Standridge harassed her or retaliated against her in any way.

7

However, Plaintiff believes evidence of Standridge's affair "should be allowed...in determining whether [P]laintiff was treated differently from other employees with regard to alleged violations of company policy" (Court File No. 53, p. 4). Further, Plaintiff justifies not complaining about Moore's behavior sooner partly because of Standridge's affair with a subordinate employee (*Id.* at 1-2).

Evidence of Standridge's behavior with a subordinate employee, if used to prove Plaintiff was harassed by Moore, is irrelevant under Fed. R. Evid. 402. Such evidence does not have "any tendency to make the existence of any fact that is of consequence...more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Further, even if such evidence was somehow relevant, allowing Plaintiff to delve into Standridge's relationship with a subordinate employee would run the risk of unfairly prejudicing Defendant and misleading the jury under Fed. R. Evid. 403. In addition, how Defendant disciplined Standridge is irrelevant to Plaintiff's claims under Fed. R. Evid. 402. Therefore, the court will exclude some evidence related to Standridge's affair.

However, evidence of Standridge's affair in relation to Plaintiff's justification for not complaining about Moore is relevant to this case. Plaintiff justifies not complaining about Moore before her resignation partly because Standridge was Moore's supervisor/friend and he had an affair with a subordinate employee. This evidence is entirely relevant to Defendant's affirmative defense and is not substantially outweighed by unfair prejudice to Defendant under Fed. R. Evid. 403.

Therefore, the Court will **GRANT IN PART** and **DENY IN PART** Defendant's motion to exclude evidence of Standridge's affair with a subordinate employee. The Court will **GRANT** Defendant's motion and exclude evidence related to Standridge's affair in proving Plaintiff was

8

harassed or retaliated against but the Court will **DENY** Defendant's motion with respect to use of evidence relating to Standridge's affair in rebutting Defendant's affirmative defense.

**VII.    Me Too Evidence**

The Court **RESERVES RULING** on Defendant's motion to exclude "me too" evidence (Court File No. 41).

**VIII.   Subsequent Remedial Measures**

The Court **RESERVES RULING** on Defendant's motion to exclude evidence of subsequent remedial measures (Court File No. 42).

**IX:    Statements of Declarants Not Responsible for Plaintiff's Termination**

The Court **RESERVES RULING** on Defendant's motion to exclude statements by Vincent referring to Defendant's possible retaliation against Plaintiff (Court File No. 43).

**X.    All Motions in Limine Not Ruled Upon Herein**

As a final note, the Court will **ORDER** the parties not to mention in open court before the jury nor seek to introduce any evidence on which a motion in limine is still pending during trial without first alerting the Court to its introduction and seeking a ruling on the admissibility of such evidence before attempting introduction.

An order shall enter.

/s/
                              **CURTIS L. COLLIER**
                        **UNITED STATES DISTRICT JUDGE**