UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| LISA M. CHAPMAN and ) | |
| MITCHELL DEWAYNE CHAPMAN ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 1:04-CV-237 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| AMSOUTH BANK ) | |
| ) | |
| Defendant. ) | |

## **M E M O R A N D U M**

Defendant AmSouth Bank ("Defendant") filed objections to Plaintiff Lisa M. Chapman's ("Plaintiff") witness list and exhibit list (Court File No. 69). Plaintiff filed a response (Court File No. 89). For the following reasons, the Court will (1) **OVERRULE** Defendant's objections to Plaintiff's witness list, but the Court will allow Defendant ample time to interview or depose any witness to which this objection lies prior to the witness testifying and that interview or deposition may take place before and/or during trial; (2) **SUSTAIN** Defendant's objections to Exhibit List Numbers 12, 14, 17, 18, 20, 21, 48; (3) **OVERRULE** Defendant's objections to Exhibit List Numbers 16, 22-23, 27; (4) **RESERVE RULING** on Defendant's objections to Exhibit List Numbers 15, 19, 29, 30-42, 47; (5) **OVERRULE** Defendant's objection to Plaintiff's use of deposition testimony at trial.

As just stated, the Court will not rule on all of Defendants objections at this time. Without knowing the precise context in which the evidence is offered, the Court cannot confidently predict the evidence will not be admissible as presented by Plaintiff. The Court recognizes the objections

are still pending and it will address the pending objections at the appropriate time.

I.      **Witness List Objections**

For the following reasons the Court will **OVERRULE** all of Defendant's objections to Plaintiff's witness list.

   A.      **Argument and Background**

Defendant objects to Plaintiff calling the following witnesses at trial:

Sandra Smith
Amanda Tucker
Rebecca Johnson
Nevine Nekhala
Kim Bowman
James Brown
Anita Jackson
Tamika Singletary
Melisa Bertot
Robert Martin
Sharon Ball
Harold Helton
Mary Chapman

(Court File No. 69, p. 1). These contested witnesses were not identified in Plaintiff's initial disclosures nor were they identified in any supplemental disclosures. Defendant argues Plaintiff's failure to disclose these witnesses earlier violates Rule 26(e) which requires a party to supplement its disclosures and responses because Plaintiff did not supplement her response to an interrogatory asking for the identity of any person having any information pertaining to the lawsuit (Court File No. 69, p. 2). *See* Fed. R. Civ. P. 26(e). Further, Defendant argues Plaintiff violated Rule 26(a)(3) which requires a party to identify witnesses "the party expects to present and those whom the party may call if the need arises." Fed. R. Civ. P. 26(a)(3)(A). As a result of these violations, Defendant contends the above witnesses should be stricken from Plaintiff's witness list.

Generally stated, Plaintiff responds by arguing Defendant's discovery abuses are the cause of Plaintiff's failure to disclose. Plaintiff contends she had no way of knowing some of the contested witnesses would be called because relevant information in their personnel files were not turned over until June 2005.[1] As for witness James Brown, Plaintiff explains Mr. Brown was identified in a deposition as a potential witness because he linked a check card to Eric Watkins' ("Watkins") custodial account. Upon finding out others may have linked check cards to Watkins' accounts, Plaintiff requested documentation relating to Watkins' accounts with Defendant. Defendant resisted turning over information related to Watkins' accounts. Finally, on September 2, 2005, after Plaintiff's second motion to compel, Defendant identified Anita Jackson, Tamika Singletary, Melisa Bertot, Robert Martin, and Sharon Ball as employees who issued check cards to Watkins.

As for witnesses Harold Helton and Mary Chapman, Plaintiff argues Defendant would not be surprised or prejudiced because they were mentioned in Mitchell Chapman's deposition.

**B.     Discussion**

Defendant does not cite any rule or law explaining why Plaintiff should not be allowed to call the contested witnesses. However, it is clear Defendant is making an argument under Rule 37(c)(1) which states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2) is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or

---

[1] It is unclear which potential witnesses were discovered when Defendant turned over personnel files in June 2005. Plaintiff initially suggests each contested witness personnel file was turned over in June 2005 (Court File No. 89, p. 1). However, later in her response, Plaintiff says certain witnesses were not identified until September 2, 2005. Therefore, as far as the Court can tell, witnesses Sandra Smith, Amanda Tucker, Rebecca Johnson, Nevine Nekhala, and Kim Bowman were identifiable as potential witnesses when Defendant turned over their personnel files in June 2005 (*See* Court File No. 89, Exhs. A, B, C; Court File No. 89, p. 2).

3

on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1). Thus, if "[a] party without *substantial justification* fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is *harmless*, permitted to use as evidence at a trial...any witness or information not so disclosed." *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (2004) (emphasis added). When the issue is whether or not the non-disclosure was harmless, the non-disclosing party bears the burden of proving the non-disclosure was harmless. *United States v. Rapanos*, 376 F.3d 629, 645 (6th Cir. 2004) However, in lieu of the exclusionary sanction mentioned above, Rule 37(c)(1) allows the Court to give other appropriate sanctions. Fed. R. Civ. P. 37(c)(1); *Rapanos*, 376 F.3d at 645; *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 760 (7th Cir. 2004).

In the current case, Plaintiff had "substantial justification" in failing to disclose or amending her disclosures for witnesses Anita Jackson, Tamika Singletary, Melisa Bertot, Robert Martin, and Sharon Ball. These witnesses came to Plaintiff's attention on September 2, 2005 which was only a few weeks before Plaintiff filed its witness list with the Court. Defendant refused to turn these witness names over to Plaintiff earlier. In fact, Plaintiff had to twice ask the Court to compel Defendant to provide these names to Plaintiff. Defendant's complaint that these witnesses should now be excluded because they were not listed as potential witnesses at an earlier date is not well taken. The only reason these witnesses could not be disclosed earlier was Defendant's tardiness in

4

not turning over information related to Watkins' accounts. Even though two weeks passed between Defendant's disclosure of these witnesses and Plaintiff's witness list, it is very doubtful Defendant was surprised when these witnesses showed up on Plaintiff's witness list. Plaintiff was allegedly terminated for linking a check card to Watkins' custodial account. Each of the witnesses mentioned above also issued check cards to Watkins. Therefore, their testimony could bolster Plaintiff's argument that Defendant's reason for termination was pretextual. Since the Court concludes Plaintiff had "substantial justification" in failing to disclose these witnesses earlier, Rule 37(c)(1) cannot be used as a basis for excluding them.

With respect to witnesses Sandra Smith, Amanda Tucker, Rebecca Johnson, Nevine Nekhala, and Kim Bowman, the Court concludes Plaintiff did not have "substantial justification" in failing to disclose or to amend her disclosures. Although Defendant may have delayed getting information on these witnesses to Plaintiff, it became clear by late June 2005 these individuals may be potential witnesses for Plaintiff. Therefore, Plaintiff should have disclosed these witnesses under Rule 26(a) and she should have amended her prior response to Plaintiff's interrogatory under Rule 26(e). However, the Court is not necessarily convinced Plaintiff's failures caused any harm or will cause harm to Defendant. Defendant claims allowing these witnesses to testify would prejudice Defendant because it would not have been given "an opportunity to review the alleged information possessed by such individuals, or to depose or otherwise investigate those individuals" (Court File No. 69, p. 2). First, the Court is uncertain as to what information these contested witnesses have that access to which Defendant does not already have. Each witness mentioned above is an employee of Defendant and any relevant information or document regarding non-credit losses and subsequent disciplinary action taken would be available to Defendant. Second, the Court is not certain

5

Defendant's inability to depose or investigate these witnesses would necessarily harm Defendant in this case. Apparently, each employee is accessible to Defendant and could be questioned by Defendant. Lastly, Defendant knew of the personnel files and must have known Plaintiff would try to call any employee to the stand who had non-credit losses but was not discharged.[2] With that said, the Court recognizes the burden is on Plaintiff to show the failure to disclose was harmless. *Rapanos*, 376 F.3d at 645. Therefore, the Court is unwilling to conclude Defendant has not or will not be harmed by Defendant's inability to depose these witnesses who may be called to the witness stand.[3] As such, the Court thinks an appropriate remedy in this case is to allow Defendant the opportunity to question, interview, or depose these witnesses before or during trial to avoid any potential harm. Any expense Defendant would bear in any such questioning or depositions would be charged to Plaintiff. To the extent Defendant could be harmed even with these last minutes interviews or questioning or the taking of these depositions, the Court believes the allowance of late depositions will provide the appropriate sanction to Plaintiff. Stated another way, even though Defendant may suffer some degree of harm by Plaintiff's failures to disclose or amend its previous disclosures, the Court is unwilling to sanction Plaintiff's failures by excluding witnesses who may be instrumental in proving Plaintiff's case. *See Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 784 (6th Cir. 2003) (stating "Rule 37(c)(1) does not compel the district judge to exclude testimony...").

---

[2] An advisory committee's note to Rule 37(c)(1) gives a few examples of harmless violations. One of these examples is an "inadvertent omission from Rule 26(a)(1)(A) disclosure of the name of a potential witness *known to all parties*." Fed. R. Civ. P. 37(c)(1) advisory committee's note (1993) (emphasis added). Thus, if all parties in the litigation know a person is a potential witness, it is more likely the failure to disclose will be considered harmless.

[3] For example, Defendant would not have the ability to impeach these witnesses with deposition testimony.

Instead, the Court believes the appropriate remedy in this case is to allow Defendant to question, interview or depose the witnesses Plaintiff learned about in June 2005 before or during trial.

As for witness James Brown, Plaintiff again may not have had "substantial justification" to disclose him as a potential witness but of all the contested witnesses, it is most obvious Plaintiff was going to call Mr. Brown. Mr. Brown was mentioned in a deposition as a person who linked a check card to Watkins' custodial account. This particular check card resulted in a loss to the bank but there was no evidence Mr. Brown was ever disciplined. This evidence goes directly to Plaintiff's pretext argument.[4] Thus, it is doubtful Defendant will be harmed by Plaintiff's failure to disclose Mr. Brown as a potential witness earlier. However, for the same reasons already stated, the Court will allow Plaintiff to question, interview or depose Mr. Brown before or during trial. Again, this will prevent potential harm to Defendant and to the extent harm may be caused, the Court believes exclusion is not the appropriate remedy in this case.

As for witnesses Harold Helton and Mary Chapman, they were mentioned in Mitchell Chapman's deposition. Therefore, their names are not new to Defendant. Although it is unclear why these witnesses are on Plaintiff's witness list after the Court dismissed Mitchell Chapman's loss of consortium claim, for the same reasons already stated above, the Court is unwilling to exclude them. Instead, Defendant will be given the right to depose them before or during trial.

**II.      Exhibit List and Deposition Testimony Objections**

---

[4] However, the Court notes Defendant has a motion in limine pending that may result in the exclusion of Mr. Brown's testimony because the loss he caused the bank was apparently less than $1,000.00.

7

Defendant makes several objections to Plaintiff's exhibit list and Plaintiff's potential use of deposition testimony under Rule 26(a)(3) which provides in part:

> A party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment:
>
> . . .
>
> (B) the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the *pertinent portions* of the deposition testimony; and
>
> (C) an appropriate identification of each document or other exhibit, including summaries of other evidence, *separately identifying* those which the party expects to offer and those which the party may offer if the need arises.
>
> . . .

Fed. R. Civ. P. 26(a)(3) (emphasis added). Specifically, Defendant claims Plaintiff has not separately identified each document or exhibit she expects to introduce into evidence and Plaintiff has not identified the pertinent portions of some of the deposition testimony she plans to use. For the sake of clarity, the Court will address each objection in the same order the parties have.

**A.    Exhibit No. 12**

Defendant objects to Plaintiff's attempted use of "all documents produced by [D]efendant related to Eric Watkins Accounts" (Court File No. 69, p. 3). Plaintiff responds by arguing she has yet to take a Rule 30(b)(6) deposition which would allow her to know which specific documents she planned on introducing (Court File No. 89, p.5). Apparently, the documents related to Watkins' accounts have several account numbers and other information which the deponent will explain to Plaintiff (*Id.*). Since Defendant delayed getting the account information to Plaintiff and since Magistrate Judge William B. Mitchell Carter approved the Rule 30(b)(6) deposition, Plaintiff had

8

good cause not to be more specific when she turned in her exhibit list. However, the Rule 30(b)(6) deposition was scheduled for September 30, 2005 so Plaintiff should now be able to specify which documents she plans on using. Therefore, the Court will **SUSTAIN** Defendant's objection.

**B.     Exhibit No. 14**

Defendant objects to Plaintiff's intended use of "[a]ll documents produced by [D]efendant related to non-credit losses" (Court File No. 61 at ¶ 14). Defendant argues the exhibit is not specific enough because it turned over four boxes of documents which possibly relate to non-credit losses. Further, Defendant argues some of these documents deal with non-platform employees. Plaintiff responds it plans on using James Brown's performance record and possibly 360 other documents related to non-credit losses to rebut Defendant's defenses. In light of the Court's previous ruling that non-platform employees are not similarly situated to Plaintiff (Court File Nos. 72, 73), the Court agrees with Defendant and will **SUSTAIN** Defendant's objection.

**C.     Exhibit No. 15**

The Court **RESERVES RULING** on Defendant's objection to exhibit number fifteen.

**D.     Exhibit No. 16**

Defendant objects to Plaintiff's lack of specificity in exhibit number sixteen. Plaintiff states in her exhibit list she intends to use "[a]ll documents produced by [D]efendant related to the general ledger" (Court File No. 61 at ¶ 16). Plaintiff's responds to Defendant's objection by identifying the specific documents she plans on using. Therefore, Defendant's objection to exhibit number sixteen is **OVERRULED**. Defendant also argues these documents might be excluded because they are irrelevant or prejudicial. Since those issues are already before the Court in a pending motion in limine, the Court will not address them here.

9

### E. Exhibit No. 17

Defendant objects to exhibit number seventeen which states Plaintiff intends to introduce at trial "Monthly Branch Review Verification Forms" (*Id.* at ¶ 17). Defendant argues the exhibit is too broad and ambiguous to know what documents Plaintiff is referring to. Specifically, Defendant argues there were four boxes of documents entitled "monthly branch review verification forms" and many of these forms include information regarding non-credit losses of non-platform employees. The Court agrees with Defendant and will **SUSTAIN** its objection. The Court has previously ruled non-platform employees with non-credit losses are irrelevant to Plaintiff's case because non-platform employees are not similarly situated to Plaintiff, a former platform employee (Court File Nos. 72, 73). Therefore, many of the monthly branch review verification forms will be irrelevant.

### F. Exhibit No. 18

Defendant objects to exhibit list number eighteen which states Plaintiff plans to use at trial "[p]erformance records for employees in branches which received HR support from Don Griffin" (Court File No. 61 at ¶ 18). Defendant argues this exhibit is too broad and ambiguous. The Court agrees. However, Plaintiff states in her response the documents were never produced with the exception of the documents referred to in exhibits fifteen and seventeen. Therefore, for what it is worth, the Court will **SUSTAIN** Defendant's objection.

### G. Exhibit No. 19

The Court **RESERVES RULING** on Defendant's objection to exhibit list number nineteen.

### H. Exhibit No. 20

For the reasons stated *infra* **§ II E**, the Court will **SUSTAIN** Defendant's objection to exhibit number twenty.

### I. Exhibit List No. 21

For the same reasons discussed *infra* **§ II E**, Defendant's objection to exhibit list number twenty-one will be **SUSTAINED**.

### J. Exhibit List Nos. 22, 23

Defendant's objections to exhibit list numbers twenty-two and twenty-three revolve around Plaintiff's potential use of Defendant's responses to interrogatories and responses to requests for production. In response to Defendant's objection, Plaintiff appears to argue she will use this evidence primarily for impeachment purposes (Court File No. 89, p. 9). As such, Rule 26(a)(3) does not require her to specify which responses she might use. Accordingly, Defendant's objection to exhibit list numbers twenty-two and twenty-three will be **OVERRULED**. However, to the extent Plaintiff tries to use Defendant's responses to interrogatories and responses to requests for production to show the parties have had discovery disputes, the Court notes this potential attempt has been challenged by Defendant in a pending motion in limine which the Court will not decide here.

### K. Exhibit No. 27

Plaintiff represents the evidence referred to in exhibit twenty-seven will only be used for impeachment purposes. Therefore, for the same reasons discussed *infra* **§ II J**, the Court will **OVERRULE** Defendant's objection to exhibit number twenty-seven.

### L. Exhibit No. 29

Defendant objects to Plaintiff's potential use of "Plaintiff's personnel file" (Court File No. 61 at ¶ 29). Defendant argues Plaintiff has failed to specify which documents or portions of her personnel file she will introduce at trial. Plaintiff responds by stating Plaintiff's entire personnel file

11

is needed to show her employment and work performance history. Without the context of trial, the Court is unclear whether the entire personnel file will be relevant. Therefore, the Court will **RESERVE RULING** until the context is clear.

M.  Exhibit Nos. 30-42

For the same reasons stated *infra* § **II L**, the Court will **RESERVE RULING** on Defendant's objection to Plaintiff's intended use of the personnel files of various employees of Defendant found in exhibits thirty through forty-two.

N.  Exhibit No. 47

The Court **RESERVES RULING** on Defendant's objection to exhibit number forty-seven.

O.  Exhibit No. 48

The Court will **SUSTAIN** Defendant objection to exhibit number forty-eight. Plaintiff has no reason to introduce into evidence Defendant's annual reports for 2002, 2003, and 2004 because punitive damages are not at issue in this case.

P.  Deposition Testimony Objections

Defendant objects to Plaintiff using a number of depositions. However, Plaintiff responded stating she is planning on using all but one of the depositions for impeachment purposes. Further, the only deposition Plaintiff plans to use for non-impeachment purposes is for a witness who resides more than 100 miles from the Court and she has specified the relevant portions of this deposition she plans to use. *See* Fed. R. Civ. P. 32(a)(3)(B). Thus, Defendant's objection will be **OVERRULED**.

III.  Conclusion

For the above reasons, the Court will: (1) **OVERRULE** Defendant's objections to Plaintiff's witness list, but the Court will allow Defendant to depose any of these contested witness before and during trial; (2) **SUSTAIN** Defendant's objections to Exhibit List Numbers 12, 14, 17, 18, 20, 21, 48; (3) **OVERRULE** Defendant's objections to Exhibit List Numbers 16, 22-23, 27; (4) **RESERVE RULING** on Defendant's objections to Exhibit Numbers 15, 19, 29, 30-42, 47; (5) **OVERRULE** Defendant's objection to Plaintiff's use of deposition testimony.

An order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**